UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-- against --

**AT&T INC.,
CHRISTOPHER C. WOMACK,
KENT D. EVANS, and
MICHAEL J. BLACK,**

                **Defendants.**

21 Civ. 1951 (PAE)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties <u>do not consent</u> to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case is to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than fourteen (14) days from the date of this Order.

5. All <u>fact</u> discovery shall be completed no later than January 31, 2022.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a.    Initial requests for production of documents to be served by June 21, 2021, but the parties may serve additional requests for production as long as they are served on or before December 17, 2021 (45 days before the close of fact discovery).

    b.    The parties may serve Interrogatories, including contention interrogatories as per Local Civil Rule 33.3(c), on or before December 17, 2021 (45 days before the close of fact discovery).

    c.    Fact witness depositions must be completed by January 31, 2022.

    d.    Any Requests to Admit must be served no later than December 17, 2021 (45 days prior to close of discovery).

7.    a.    All *expert* discovery shall be completed no later than April 8, 2022.

    b.    No later than thirty (30) days prior to the date in paragraph 5, *i.e.*, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

    Not applicable due to Wells process that was conducted pre-filing.

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    The parties agree to conduct any mediation before a Magistrate Judge.

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        <u>If a party moves for summary judgment, then after any such motion is fully briefed. If a party does not move for summary judgment, then after the close of expert discovery and before the final pretrial conference.</u>

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is 15 trial days.

13.    Other items, including those in Rule 26(f)(3).

The SEC may take a total of 25 fact witness depositions.

Defendants collectively may take up to 30 fact depositions of the analysts identified in, referenced by, or otherwise connected to the allegations in the Complaint.

In addition to the foregoing depositions, AT&T may take an additional 10 fact witness depositions.

In addition to the foregoing depositions, the individual defendants collectively can take an additional 10 fact witness depositions.

The parties reserve the right to take additional depositions by agreement or by leave of court.

Because of the large number of non-party analysts identified in the Complaint and to limit the burden and expense with respect to documents produced by such non-parties, the number of depositions by written questions used to authenticate and provide a foundation for admissibility, as well as certifications sought for purposes of Federal Rule of Evidence 803(6)(D)'s business records exception to the hearsay rule, shall be unlimited. The parties will meet and confer in good faith to agree to the authenticity and admissibility of proposed trial exhibits.

The parties agree to work in good faith to submit to the Court an agreed protective order that includes a Rule 502(d) order for the Court's approval to govern the production and exchange of confidential information.

With respect to expert discovery, the parties agree as follows:

- The parties shall meet and confer on or before October 1, 2021, concerning the matters set forth in paragraph 7(b), as well as concerning the subject matters for expert testimony and which party bears the burden of proof as to those subject matters.

- Any motion to strike experts shall be made by April 15, 2022.

Any motions for summary judgment shall be made by the moving party on or before April 15, 2022, with any opposition filed by May 16, 2022, and any reply filed by May 31, 2022.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.   [Other]

15. The next Case Management Conference is scheduled for _____ at _____ This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_____
Paul A. Engelmayer
United States District Judge

Dated: New York, New York
_____