June 10, 2022

**Via ECF**

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
United States of America

Hon. Paul A Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Richard S. Krumholz**
**Global Head of Litigation and Disputes**
Direct line +1 214 855 8022
richard.krumholz@nortonrosefulbright.com

Tel +1 214 855 8000
Fax +1 214 855 8200
nortonrosefulbright.com

Re:  *SEC v. AT&T Inc. et al.*, No. 21 Civ. 01951 (PAE) – Letter Motion to File Documents
Under Seal

Dear Judge Engelmayer:

On behalf of AT&T Inc. ("AT&T"), we write pursuant to Local Civil Rule 7.1(d), Your Honor's
Individual Practice Rule 4.B, and the Court's April 28, 2022 Order (Dkt. 87), to respectfully
request the Court enter an order permitting certain confidential and proprietary AT&T information
submitted in connection with the Parties' summary judgment and *Daubert* motions to be filed
under seal in redacted form. As discussed below, the proposed redactions concern AT&T's
confidential and proprietary business information, the disclosure of which would likely cause
commercial injury, and the redactions are narrowly tailored to prevent such injury. As a result, the
proposed redactions are consistent with the presumption in favor of public access to judicial
documents. Defendants Christopher C. Womack, Kent D. Evans, and Michael J. Black consent to
AT&T's request to seal and agree as to AT&T's proposed redactions. The SEC does not object to
AT&T's request to seal and agrees as to AT&T's proposed redactions.

**I.      Legal Standard**

On a motion to seal, the Court determines whether the document subject to a sealing request
qualifies as a judicial document, the weight of the presumption of public access attaching to that
judicial document, and if any countervailing factors or higher values outweigh the right of public
access to that judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-
120 (2d Cir. 2006). While there is a presumption of access to documents submitted on a summary
judgment motion, the presumption can be overcome "by specific, on-the-record findings that
higher values necessitate a narrowly tailored sealing." *Id.* at 126. As all of the information AT&T
seeks to redact concerns its confidential and proprietary information, AT&T overcomes the
presumption of access here. Furthermore, AT&T's proposed redactions are narrowly tailored to
address only the information that could or would likely cause commercial injury to AT&T as a
result of its disclosure. For these reasons, the Court should permit AT&T to file the documents at
issue in redacted form so that the confidential information remains under seal. *See also* Individ.
Rule 4.B.1 (authorizing sealing/redactions for "proprietary or trade secret information" without
court order).

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright
South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps
coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are
available at nortonrosefulbright.com.

Hon. Paul A Engelmayer
June 10, 2022
Page 2

NORTON ROSE FULBRIGHT

## II.    All Proposed Redactions Concern "Confidential Discovery Material"

AT&T seeks permission to redact 31 of the more than 900 documents filed in support of the recent motions and 56.1 statements, and substantive discussions of the same in the parties' filings as set forth in Appendix A. All of the information that AT&T asks the Court to seal was designated "Confidential Discovery Material" by AT&T pursuant to the Stipulation and Order Governing the Production and Exchange of Confidential Information (Dkt. 47). In short, AT&T believes all of the information at issue "constitutes or includes trade secrets or other confidential research, development, or commercial information, . . . confidential investigatory information, or other information the disclosure of which would breach a legal or contractual obligation."[1] The SEC has not challenged AT&T's designations and has agreed to the sealing of these designations. The accompanying Declaration of James Lacy, dated June 10, 2022 ("Lacy Decl."), explains the confidential nature of each document and the likely harm that would result from the disclosure of the confidential information contained therein. *See* Lacy Decl. at ¶¶ 4-21.

Courts in the Second Circuit routinely grant motions to seal confidential business information that "is sensitive and potentially damaging if shared with competitors" and should do the same here. *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (quotation omitted).

## III.    The Proposed Redactions Are Narrowly Tailored

In addition, the proposed redactions are narrowly tailored to prevent only the harm that would likely result from the disclosure of the redacted information to the public. AT&T has not proposed filing any documents under seal in their entirety. The proposed redactions fall into two categories: (1) highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple, the disclosure of which would expose AT&T to competitive harm and would be inconsistent with AT&T's and Apple's agreed confidentiality of such information and documents; and (2) sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit and not relied upon by the parties in their briefing. *See* Lacy Decl. ¶¶ 2-3. The specific category that applies to each proposed redaction is set forth in Appendix A.

As to the first category, documents concerning the terms of a confidential contract between AT&T and Apple, this information is highly sensitive and confidential because it contains details or facts that would allow a third party to see or infer information concerning the cost to AT&T for smartphones purchased from Apple, and the sales price AT&T is contractually allowed to charge its customers for Apple smartphones. This information is kept and treated by AT&T and Apple as confidential and only disclosed on a "need to know" basis. This information is proprietary, and the disclosure of such information to Apple or AT&T's competitors would permit them to gain valuable insights into terms and conditions of the Apple/AT&T agreement, which would put AT&T and Apple at a competitive disadvantage or provide their competitors with a competitive advantage. *Id.* ¶¶ 13-15, 18-21. In other words, the disclosure of the terms of this contract would

---

[1] *See* Dkt. 47 ¶ 1 (defining Confidential Discovery Material).

Hon. Paul A Engelmayer
June 10, 2022
Page 3

NORTON ROSE FULBRIGHT

likely expose AT&T to competitive harm. *Id.* AT&T has proposed narrow redactions to seal the terms of this contract and other financial metrics from which the terms could be inferred. *Id.* For these reasons, the Court should find that the proposed redactions are necessary to prevent competitive harm and permit the documents to be filed with redactions. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (ordering sealing and finding that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. March 22, 2021) (sealing documents containing the terms of confidential trademark licensing agreements because"[d]isclosure of these contractual terms could harm [the party] and/or its business partners by disadvantaging them in negotiating future licensing agreements"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), *on reconsideration in part*, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (sealing pricing information).

Concerning the second category, nonpublic financial metrics about AT&T, the information is commercially sensitive, internal information that, if disclosed, would reveal AT&T's business strategy. Lacy Decl. ¶¶ 4-12, 16-17. Such information is also irrelevant to the issues in this lawsuit, though it appears in documents that were produced. *Id.* This irrelevant and sensitive information is not relied upon by the Parties in their motions. As a result, there is a very low presumption of access and the sensitive nature of the information more than justifies AT&T's narrow proposed redactions. *See Valassis Communications, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) ("Disclosure of the specifics of [the plaintiff's division] and other units' pricing, costs, revenue, and profit information could result in significant harm to Valassis without providing much value in the monitoring of the federal courts."); *see also Lugosch*, 435 F.3d at 119, 121 ("The weight to be given the presumption of access must be governed by the role of the material at issue . . . . '[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'") (quotation omitted).

For the foregoing reasons, AT&T respectfully requests that the Court grant this letter motion and permit AT&T to file the information at issue under seal in redacted form.

Respectfully submitted,


*/s/ Richard S. Krumholz*
Richard S. Krumholz
Randall W. Jackson
*Counsel for Defendant AT&T Inc.*

Attachments

cc:    All Counsel of Record (via ECF)

Granted.  The Court thanks AT&T for this letter and grants leave to file the requested exhibits under seal.  SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge
6/16/22

## Appendix A:  Schedule of Redactions

| Lacy Decl. Paragraph | Docket Entry | Exhibit | Category |
|---|---|---|---|
| 4 | 86-3<br><br>93-36 | Joint Exhibit 116<br><br>Vasilescu Decl., Ex. 36 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 5 | 86-4<br><br>93-34<br><br>95-37 | Joint Exhibit 117<br><br>Vasilescu Decl., Ex. 34<br><br>Suthammanont Decl., Ex. 37 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 6 | 86-5 | Joint Exhibit 118 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 7 | 86-7 | Joint Exhibit 127 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 8 | 86-8 | Joint Exhibit 133 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 9 | 86-10 | Joint Exhibit 145 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 10 | 86-12 | Joint Exhibit 153 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |

| Lacy Decl. Paragraph | Docket Entry | Exhibit | Category |
|---|---|---|---|
| 11 | 86-13 | Joint Exhibit 154 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 12 | 86-14 | Joint Exhibit 156 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 13 | 93-15<br>100-9<br>134-14 | Vasilescu Decl., Ex. 15<br>Krumholz Decl., Ex. 9<br>Stokes Decl., Ex. 14 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |
| 14 | 93-18<br>113-1<br>131-7<br>147-5 | Vasilescu Decl., Ex.18<br>Entner Decl., Ex. 1<br>Krumholz Decl., Ex. 7<br>Krumholz Decl., Ex. 36 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |
| 15 | 93-23<br>115-1<br>131-5 | Vasilescu Decl., Ex. 23<br>Valentine Decl. Ex. 1<br>Krumholz Decl., Ex. 5 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |
| 16 | 93-35<br>95-7 | Vasilescu Decl., Ex. 35<br>Suthammanont Decl., Ex. 7 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |
| 17 | 95-8 | Suthammanont Decl., Ex. 8 | Sensitive, nonpublic and proprietary financial metrics revealing AT&T's confidential business strategy that is irrelevant to the issues in the lawsuit. |

| Lacy Decl. Paragraph | Docket Entry | Exhibit | Category |
|---|---|---|---|
| 18 | 95-43 | Suthammanont Decl., Ex. 43 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |
| 19 | 95-85 | Suthammanont Decl., Ex. 85 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |
| 20 | 109-1<br><br>93-23<br><br>133-10 | Stephens Decl., Ex. 1<br><br>Vasilescu Decl., Ex. 23, at p. 53<br><br>Zetlin-Jones Decl., Ex. 115, at p. 21 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |
| 21 | 126-10<br><br>133-59<br><br>134-19 | Guo Decl., Ex. 10<br><br>Zetlin-Jones Dec., Ex. 164<br><br>Stokes Decl., Ex. 19 | Highly sensitive, proprietary and confidential business information relating to a contract between AT&T and Apple. |