UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                            :
SECURITIES AND EXCHANGE COMMISSION,                         :
                                                            :     21 Civ. 1951 (PAE)
                              Plaintiff,                    :
                                                            :     ORDER
            -v-                                             :
                                                            :
AT&T INC., et al.,                                          :
                                                            :
                              Defendants.                   :
                                                            :
                                                            :
------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

On June 10, 2022, the parties submitted a letter with respect to certain redactions sought by third-party financial institutions. Dkt. 223 ("Ltr."). On June 13, 2022, the Court granted two requests to redact, and directed the parties to take further action with respect to three other requests to redact and/or seal. Dkt. 239 ("Memo."). This order takes up the remaining three requests.

The first request pertains to the compliance manuals of Citigroup ("Citi"), Deutsche Bank, and UBS Group AG ("UBS"). Those non-parties requested that the aspects of their manuals pertaining to material nonpublic information be redacted in full or in part because they are proprietary and confidential. Ltr. at 1. The Court directed Citi, Deutsche Bank, and UBS "to redact, to the minimum extent necessary, their compliance manuals and handbooks." Memo. at 2. UBS has since withdrawn its request. Dkt. 254. Citi has not responded. The Court therefore denies, in its entirety, Citi's request for redaction. Below, the Court reviews Deutsche Bank's request to redact its manuals.

Second, the parties advised the Court that Deutsche Bank, separately, sought to redact certain deposition testimony recounting deponents' employment histories. Ltr. at 2. The Court directed Deutsche Bank to file a letter on the docket of the case explaining why redactions of such information are necessary. Memo. at 2.

Third and finally, the parties noted that Wells Fargo has requested redactions "relating to models, compliance manuals, and deposition testimony," and that the SEC objected to this request, to the extent it sought redactions of deposition testimony and "previously publicly filed models." Ltr. at 2.

The Court will first review the two open issues relating to Deutsche Bank, and then that relating to Wells Fargo.

**I.      Deutsche Bank's Requests**

Deutsche Bank seeks the redactions of (1) some deponents' employment history, *see* Dkts. 134-32, 150-32, and (2) its compliance manual, Dkt. 253. Dkt. 252.

As to the deponents' employment history, the Court denies Deutsche Bank's request, for two reasons. First, Deutsche Bank has not submitted proposed redactions, or explained, concretely, how the testimony about deponents' general employment history meaningfully implicates their privacy interests. Second, the case authority cited by Deutsche Bank would not justify redacting anything other than genuinely sensitive information such as tax data and filings, disciplinary histories, or emails or home addresses. The general work histories of the deponents do not meet this standard.[1] This ruling is without prejudice to Deutsche Bank's right, by July 7,

---

[1] In *Kewazinga Corp. v. Microsoft Corp.*, Judge Woods approved redactions to the redaction of email addresses. No. 18 Civ. 4500 (GHW), 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021). In *Kelly v. New York*, Judge Freeman found a protective order warranted with respect to discovery relating to employees' tax filings and entitlement to exemptions. No. 01 Civ. 8906 (AGS) (DCF), 2003 WL 548400, at *5 (S.D.N.Y. Feb. 24, 2003). And in *Thompson v. Spota*,

2

2022, to identify discrete components of deposition testimony implicating sensitive privacy interests, consistent with the case law. If it does not do so, the parties are directed to file unsealed and unredacted versions of the depositions by July 8, 2022.

As to Deutsche Bank's proposed redactions to its manual, the Court grants the request. To be sure, the manual is heavily redacted. But Deutsche Bank does not propose to redact the aspects that are relevant to this litigation. And on the Court's review of the filing, the manual contains confidential information that is properly kept non-public.

## II. Wells Fargo's Requests

On June 10, 2022, Wells Fargo filed a motion to seal (1) "native and pdf versions of Excel models containing proprietary formulas and calculations"; (2) "an internal compliance manual and compliance bulletin"; (3) "deposition testimony that quotes or specifically discusses" either; and (4) an excerpt from an expert report "describing the proprietary formulas within the models." Dkt. 230. On June 13, 2022, the Court directed the SEC to respond to this motion by June 15, 2022, as it had indicated it opposed some of these requests. Memo. at 2. On June 14, 2022, Wells Fargo filed a letter indicating that it had withdrawn some of its requests and cabined others. As narrowed, Wells Fargo now sought (1) to seal its native excel models; (2) to seal its compliance manuals and bulletins; (3) to redact deposition testimony; and (4) to redact the excerpt from the expert report. Dkt. 245. On June 15, 2022, the SEC responded to Wells Fargo's motion. Dkt. 248 ("Opp."). The SEC objected only to the proposed redactions to the deposition transcript, while reminding Wells Fargo of the Court's standing directive to redact

---

Judge Tomlinson ordered that two names of former Assistant District Attorneys be redacted from their personnel files, as these identities were peripheral to the litigation and the personnel file information was "highly confidential" and "sensitive and embarrassing." No. 14 Civ. 2473 (JMA) (AKT), 2018 WL 4039316, at *3 (E.D.N.Y. Aug. 23, 2018).

3

compliance materials as narrowly as possible. *See id.* On June 22, 2022, Wells Fargo filed an additional letter in further support of its motion to seal. Dkt. 255 ("Reply").

### A.  Deposition Transcripts

Wells Fargo seeks to redact certain deposition testimony on the basis that those portions "consist of, and are limited to, direct quotations of the Compliance Materials or detailed descriptions of the proprietary formulas" in its analysts' models. Dkt. 230 at 3. The SEC responds that, Wells Fargo's remaining redaction requests are excessive. That is because, the SEC argues, the models cannot be reverse-engineered based on the deposition testimony at issue, and this testimony is relevant to a central issue in this case—whether individual defendants provided material nonpublic information to analysts. Opp. at 1–2. Wells Fargo counters that the testimony nevertheless "provide[s] insight into the specific pieces of information that inform the Firm's predictive strategy." Reply at 2.

The Court holds with the SEC. The material at issue is too general to allow reverse-engineering of proprietary formulas or other mischief. The redactions involve (1) testimony that the formulas attempt to project equipment revenues, *see* Dkts. 245-1 (redacted), 246 (unredacted) at 74–75, (2) testimony that a formula includes a postpaid upgrade estimate, *id.* at 76–77, and (3) testimony that, at an earlier time, a formula took into account the number of subscribers and the upgrade rate, Dkts. 245-2 (redacted), 247 (unredacted) at 60. This information is far too general to be persuasively called proprietary. It does not reveal, or come close to revealing, the mechanics or inner working of any model. Accordingly, the request to redact that deposition testimony is denied.

## B. Compliance Materials

Wells Fargo objects to the public filing, at all, of Dkt. 234-21, Exhibit 7 of the declaration of Peter A. Stokes, and Dkt. 234-22, Exhibit 9 of the Stokes declaration; *see* Dkts. 231-2, 231-3 (including such documents). On its review of these materials, the Court rejects as excessive Wells Fargo's bid for wholesale sealing. The documents include information that is not proprietary or confidential, including the scope of the policies, general compliance terms, and penalties for violating such guidelines. They also include background about Regulation FD and policies pertaining to compliance with it—matters central to this litigation. Wells Fargo's declaration that it considers these materials proprietary, *see* Dkts. 230, 230-2 ¶ 6, does not make them so, or carry the day. And the materials in these declarations is clearly relevant to the parties' pending summary judgment motions, namely, analysts' training on and knowledge of compliance protocols relating to the receipt of material nonpublic information. To the extent Wells Fargo seeks limited redactions of discrete and isolated portions within these exhibits, the Court will give it until July 1, 2022, to propose such redactions.

## C. Remaining Materials

Wells Fargo's motion to seal the native versions of the Excel file models is granted. The Court finds that such files are proprietary information and confidential to the firm. *See* Dkt. 239 (so ordering). Similarly, the portions of the expert reports referring to such models and describing their formulas are appropriately redacted. Wells Fargo's motion as to those redactions is granted, and the Court approves Wells Fargo's proposed redaction. *See* Dkt. 230-9 (redacted), 231-9 (unredacted).

## CONCLUSION

Deutsche Bank may refile a motion to seal with proposed redactions of discrete items of deposition testimony, explaining why this testimony implicates sensitive privacy interests by July 7, 2022. If such filing is not made, the parties are directed to file unredacted and unsealed deposition transcripts by July 8, 2022.

Wells Fargo's motion to seal/redact is granted as to the native excel models and expert report describing the models and denied as to the remainder. Wells Fargo is directed to submit its proposed redactions to the compliance materials by July 1, 2022.

The Court denies Citi's requested redactions, as it has not responded to the Court's order of June 13, 2022, directing it to file such proposed redactions. The parties are directed to file the unredacted version of Citi's compliance materials, Dkts. 134-5, 134-6 (sealed), by July 7, 2022.

The Clerk of the Court is respectfully directed to close the motion pending at docket 230.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 29, 2022
New York, New York