

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

**DIVISION OF**
**ENFORCEMENT**

August 3, 2022

<u>Via ECF</u>
The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     **SEC v. AT&T, Inc., et al., 21 Civ. 01951 (PAE) (S.D.N.Y.)**

Dear Judge Engelmayer:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this joint letter motion together with Defendants AT&T, Inc., Christopher C. Womack, Kent D. Evans, and Michael J. Black ("Defendants") requesting that Your Honor refer the parties to a magistrate judge for mediation pursuant to Paragraph 10(b) of the Court's June 3, 2021 case management order (DE 43) and Your Honor's statements during the July 6, 2022 oral argument. The parties have met and conferred regarding settlement and believe that mediation before a magistrate judge may assist the parties in reaching a settled resolution to the matter.

The parties have agreed to partake in mediation without preconditions other than the following. Settlement agreements negotiated by counsel within the Division of Enforcement (such as the undersigned counsel) represent the recommendations it is willing to make to the SEC Commissioners, who must vote to approve such terms. Therefore, no agreements reached between counsel for the SEC and Defendants are binding on the SEC until and if the Commissioners approve the terms. Further, under existing law, no single person at the SEC has the authority to accept the terms of any settlement without a full Commission vote. Accordingly, the SEC cannot produce a person "with full settlement authority" to attend a mediation on its behalf, although it will make available counsel with authority to agree to settlement terms that the Division of Enforcement would recommend to the SEC Commissioners.

Accordingly, the SEC respectfully requests that any order issued concerning mediation that addresses the attendance or availability of persons with "settlement authority" at the mediation take into account the above circumstances and include a carve-out for the SEC from such a requirement. Defendants do not object to this request.

2

The parties thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Victor Suthammanont*

Victor Suthammanont
Alexander Vasilescu
David Zetlin-Jones

cc (via ECF):   Richard S. Krumholz, Esq. (Counsel for Defendant AT&T, Inc.)
Randall W. Jackson, Esq. (Counsel for Defendant AT&T, Inc.)
Jeffrey M. Tillotson, Esq. (Counsel for Defendants Black, Evans, and Womack)
Leslie C. Thorne, Esq. (Counsel for Defendants Black, Evans, and Womack)