

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

DIVISION OF
ENFORCEMENT

December 2, 2022

**Via ECF**
The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   SEC v. AT&T, Inc., et al., 21 Civ. 01951 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter requesting that the Court approve the proposed final judgments ("Final Judgments") as to Defendants AT&T, Inc., Christopher C. Womack, Kent D. Evans, and Michael J. Black filed on ECF contemporaneously with this letter along with Defendants' executed consents to the final judgments ("Consents"). Defendants join this request.

The parties agreed to the Final Judgments following a mediation before Magistrate Judge Jennifer E. Willis and further negotiations over the ensuing weeks. Pursuant to the Final Judgments, and without admitting or denying the SEC's allegations and claims, Defendant AT&T consents to a judgment imposing a permanent injunction from violations of Section 13(a) and Regulation FD and ordering AT&T to pay a $6,250,000 penalty. The Individual Defendants, without admitting or denying the SEC's allegations and claims, each consented to judgments permanently enjoining them from aiding and abetting violations of Section 13(a) and Regulation FD and imposing a $25,000 penalty.

A District Court should approve a proposed consent judgment involving the SEC if it is fair and reasonable and if the public interest would not be disserved where the consent decree includes injunctive relief. *See SEC v. Citigroup Global Mkts.*, 752 F.3d 285, 294 (2d Cir. 2014). Four non-exclusive factors guide the inquiry of whether the proposed judgments are fair and reasonable: (1) the basic legality of the proposed judgment; (2) whether the terms and enforcement mechanisms of the judgment are clear; (3) whether the consent judgment resolves the actual claims in the complaint; and (4) whether there was any improper collusion between the parties. *Id.* at 294-95. Finally, where the proposed judgment includes injunctive relief, the Court should consider whether the public interest would be disserved by an injunction. *Id.* at 296-97.

The Final Judgments are fair and reasonable and in the public interest. The Final Judgments are legal, with clear enforcement mechanisms, address the actual claims in the complaint, and were the product of arms-length negotiations. The public interest is not disserved

by the injunctions against the Defendants requiring them to obey Section 13(a) and Regulation FD.

      Accordingly, for the reasons described above, the parties respectfully request that the Court approve the Final Judgments and docket the Final Judgments with the Consents attached.

                                    Respectfully submitted,

                                    */s/ Victor Suthammanont*

                                    Victor Suthammanont
                                    Senior Trial Counsel

cc (via ECF):  Richard S. Krumholz, Esq. (Counsel for Defendant AT&T, Inc.)
                    Randall W. Jackson, Esq. (Counsel for Defendant AT&T, Inc.)
                    Jeffrey M. Tillotson, Esq. (Counsel for Defendants Black, Evans, and Womack)
                    Leslie C. Thorne, Esq. (Counsel for Defendants Black, Evans, and Womack)