UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-- against --

AT&T, INC.,
CHRISTOPHER C. WOMACK,
KENT D. EVANS, and
MICHAEL J. BLACK,

                Defendants.

21 Civ. 1951 (PAE)

## FINAL JUDGMENT AS TO DEFENDANT CHRISTOPHER C. WOMACK

The Securities and Exchange Commission having filed a Complaint and Defendant Christopher C. Womack ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(a)] and Regulation FD promulgated thereunder [17 C.F.R. § 243.100 *et seq.*] by knowingly or recklessly providing substantial assistance to an issuer or any person acting on its behalf as defined in 17 C.F.R. § 243.101(c) that discloses any material nonpublic information regarding that issuer or its securities to any person described in 17 C.F.R. § 243.100(b)(1) of the rule, and that issuer does

not make public disclosure of that information as provided in 17 C.F.R. § 243.101(e), simultaneously, in the case of an intentional disclosure; and promptly, in the case of a non-intentional disclosure.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $25,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Christopher C. Womack as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Dec. 5, 2022

_____
UNITED STATES DISTRICT JUDGE